MANAEN SHORT *vs.* HANNAH PIPER and ROBERT PRETTY-
MAN.

One entitled to the inheritance may recover in an action on the case for an injury to
the inheritance by tenant in dower, *though there be an intermediate life estate.*
It seems that the action differs in this respect from the action of *waste,* which must
be by the person entitled to the *next immediate* estate of inheritance.

.This was an action *on the case* by a reversioner against a tenant
in dower, for an injury to the inheritance; with a count *in trover* for
the value of the timber cut and carried away: (as to which see 1
*Ch. Pl.* 199, 201.)

It appeared in evidence that the defendant, Hannah Piper, had
been in possession by metes and bounds for more than *thirty* years,
occupying as tenant in dower, as the widow of Joseph Piper. There
was no record or other evidence of the assignment of dower. It was
further proved that Joseph Piper had sold and conveyed the rever-
sion to a certain Josiah Piper, who conveyed to plaintiff, *reserving
a life estate for his own life,* and that he was still living. The injury
to the inheritance was proved as laid.

On this evidence of the plaintiff *Houston,* for defendants, moved a
nonsuit. The narr., states that the defendant, Hannah Piper is tenant
in dower, and that plaintiff is seized of the reversion. The proof
shows that there is an intermediate life estate in Josiah Piper.

The remainderman, Manaen Short, cannot maintain an action on
the case for an injury to the reversion by the first tenant for life,
during the life of the second tenant for life. The action can only be
brought by him who has the *immediate* reversion in fee or in tail.
(1 *Leigh. N. P.* 585; 2 *Saund. Rep.* 252, *n.; Co. Litt.* 54; *Cro. Jac.*
688.) And if there be tenant for years, remainder for life, remain-
der in fee, the remainderman in fee cannot maintain an action for an
injury to the reversion during the life of tenant for life.

2d. The plaintiff cannot recover on the last count which is in tro-
ver; because the trees severed belong to the tenant for life, Josiah
Piper, and not to the remainderman.

*Layton.*—The authorities cited apply to the action of waste, and
not to an action on the case for an injury to the reversion. In the
latter action the reversioner is entitled, though there be an interme-
diate life estate. If Josiah Piper himself had committed the destruc-
tion, Manaen Short could maintain this action against him. (1 *Ch.
Plead.* 52; 2 *Saund. Rep.* 252, *a.* and *b. n.* 7; 4 *Burr. Rep.* 2141;

7 *Term Rep.* 11 ; 3 *Levinz* 209, 359-60 ; 6 *Com. Dig. Waste* 515 ; 1 *Saund. Rep.* 321.)

This objection applies only to the first three counts. The fourth count is for taking and converting trees on other land as well as the dower, as to which Manaen Short is the immediate reversioner.

*Houston* replied.

*By the Court:*

BOOTH, *Chief Justice.*—The court have some doubt arising from the fact that the text books usually state this action, as the action of waste, as competent only to the next immediate reversioner or remainderman. But we cannot at present see the reason of so confining it. The reversioner has an interest in the property injured ; the wrong is to him more than to the remainderman for life ; and the principle of law is, that wherever there is a right there ought to be a remedy : and we know of no remedy for the reversioner in fee, unless he can have it in this action.

We presume the expression in the books, that this action may be maintained by the person who has the *immediate* reversion, or remainder, arises from the fact that the action of waste, being given by statute, is so confined ; and one reason for this is, that in that action the place wasted is recovered, and the action is necessarily by the person next entitled. It is probable that the same expression has been continued, without the same reason, in application to the action on the case in the nature of waste.

As at present advised we refuse the nonsuit; and will hear the matter re-argued if requested. Indeed, we could not nonsuit the plaintiff, if we thought otherwise on this question; as the fourth count is general, in trover for the value of the timber, &c., severed from the land.

Verdict for plaintiff.

*Layton*, for plaintiff.
*Houston*, for defendants.